The C. Spiro Manufacturing Company, Respondent, v. Burns Brothers Manufacturing Company, Appellant.

First Department, May 19, 1922.

Landlord and tenant — action to compel landlord to furnish elevator service and to enjoin him from cutting off electric current — tenant holding under renewal leases — counterclaim pleading generally breach of leases and election to terminate sufficient against demurrer — reply only would raise question whether breaches were under original leases and had been waived.

In an action by a tenant to enjoin its landlord from refusing to furnish the tenant with elevator service pursuant to the terms of renewal leases, and to compel the landlord to furnish such service and also to enjoin the landlord from cutting off the electric current for light and power pursuant to the provisions of a separate agreement, a counterclaim by the landlord, which pleaded generally that the tenant had breached its contract and that in consequence thereof the defendant has elected and does by the answer elect as authorized by the leases to terminate the leases, is sufficient against a demurrer.

If, as alleged in the counterclaim, the defendant has duly exercised its right to terminate the leases for the plaintiff's violation of the provisions thereof, all of the plaintiff's rights, both with respect to the leases and with respect to the contract to furnish light and power, have become terminated, and the plaintiff has no cause of action.

The contention by the tenant that the breaches alleged in the counterclaim occurred under the original leases, and the execution of renewal leases constituted a waiver thereof, and, therefore, the counterclaim was insufficient is not sustained by the pleadings, for under the general allegations in the counterclaim of breaches by the tenant, the landlord would be permitted to show breaches under the renewal leases, and even though breaches occurred under the original leases that would not justify breaches under the renewal leases.

The tenant's remedy, if it claims that the alleged breaches were only under the original leases, and had been waived, is to interpose a reply pleading such facts.

Both the cause of action pleaded in the complaint and the counterclaim are predicated on the provisions of the lease and the defendants' separate agreement to furnish light and power.

Appeal by the defendant, Burns Brothers Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of June, 1921, sustaining plaintiff's demurrer to the counterclaim of the defendant.

*Morrison & Schiff* [*Jacob R. Schiff* of counsel; *Leon Brof* with h'm on the brief], for the appellant.

*Katz & Sommerich* [*Otto C. Sommerich* of counsel; *Maxwell C. Katz* with him on the brief], for the respondent.

Laughlin, J.:

This is an action by the plaintiff, a domestic corporation, against the defendant, a New Jersey corporation, to enjoin defendant from refusing to furnish the plaintiff with elevator service pursuant to the terms of renewal leases of the fifth and sixth floors of premises known as 68–72 East One Hundred and Thirty-first street in the borough of Manhattan, New York; and to compel defendant to furnish such service, or in the alternative to allow plaintiff to operate the elevator; and also to enjoin defendant from cutting off the electric current or refusing to furnish the plaintiff with electric light and power pursuant to the provisions of an agreement made between the parties on the 31st of December, 1913. It stands admitted by the pleadings that the defendant, under its former name, made an original lease of the fifth floor to the plaintiff with a covenant for supplying elevator service during specified business hours; and that it was renewed for the period of five years from May 1, 1918; that defendant, under its former name, made an original lease of the sixth floor of the premises with a like condition for elevator service, which was duly assigned to the plaintiff by and with the consent of the defendant; and that the defendant renewed that lease to the plaintiff for the period of five years from March 1, 1919. But defendant denies the allegations charging it with a breach of its obligations under the leases, and denies the making of a separate agreement for furnishing electric light and power for use on the premises as alleged in the complaint and the allegations with respect to a breach thereof. The amended answer pleads two counterclaims. Each of the counterclaims alleges due performance by the defendant of its obligations under the respective leases, and breaches by the plaintiff of provisions of the leases concerning the use of the premises, and further alleges that, in consequence thereof, the defendant has elected and does by the answer elect, as authorized by the leases, to terminate the respective leases, and demands judgment dismissing the complaint and dispossessing and removing the plaintiff from the premises. Plaintiff demurred to each counterclaim on the ground that it was not authorized by the provisions of section 501 of the Code of Civil Procedure and does not state facts sufficient to constitute a cause of action.

It is manifest that, if the defendant agreed to furnish the plaintiff with electric light and power for use on the premises to the extent deemed necessary by the plaintiff, as alleged in the complaint, which, however, defendant denies, that agreement is to be construed in connection with the leases and could not survive the plaintiff's rights under the leases. If, therefore, as alleged in the counter-

claims, defendant has duly exercised its right to terminate the leases for the plaintiff's violations of the provisions thereof, all of the plaintiff's rights, both with respect to the leases and with respect to the contract to furnish light and power, have become terminated. Counsel for the respondent argues that the renewals of the leases were made after the alleged breaches by the plaintiff of the original leases, and that the breaches were thereby waived and forfeited; but the allegations of the counterclaims, to which the plaintiff demurred, do not limit the alleged breaches to the periods of the original leases, and, therefore, the plaintiff's remedy, if it claims that the alleged breaches were only under the original leases, was to interpose a reply pleading such facts or waiver. The allegations of the counterclaims are general to the effect that the plaintiff has been guilty of the alleged breaches since it entered into possession under the original leases. Under those allegations, it will be competent for the defendant, under the liberal rule applicable to pleadings, to show that the alleged breaches occurred after the leases were renewed, and even if there were breaches of these provisions under the original leases, that did not justify breaches under the renewal leases. Counsel for the respondent further contends that the cause of action pleaded in the complaint is predicated, not on contract, but for the wrongful acts of the defendant, and that the counterclaims are not predicated on contract but on the alleged right of the defendant to repossess itself of the premises. It is perfectly plain, however, that the complaint is predicated on the provisions of the leases for elevator service and on the defendant's separate agreement to furnish light and power for plaintiff's use on the premises leased to it; and that the counterclaims are also predicated on the provisions of the same leases giving the defendant the right to terminate them and to re-enter for breaches of the provisions thereof. It is quite plain, I think, on these facts that the counterclaims are well pleaded and that the demurrer thereto should have been overruled.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs, but with leave to plaintiff on payment of the costs to reply to the counterclaims.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to plaintiff on payment of costs to reply to the counterclaims.